**Ethan Levi**, OSB No. 994255
Email: ethan@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **ROBERT THOMPSON**,  Plaintiff,  vs.  **CARLOS VILLA; LORIE HENSEL; OREGON CORRECTIONAL ENTERPRISES; OREGON DEPARTMENT OF CORRECTIONS,**  Defendants. | Case No.  2:24-cv-1372  **COMPLAINT**  **Civil Rights Action (42 U.S.C. § 1983)**  **Jury Trial Demanded** |

## NATURE OF THE CASE

This is a civil rights action about a continuing course of retaliation against Plaintiff who reported inappropriately close relationships between a civilian employee at the prison and other inmates. Plaintiff (hereinafter, "Mr. Thompson") was a prisoner at the Oregon Department of Corrections. (hereinafter "ODOC"). He had worked for nine years at a coveted, high paying job at Oregon Correctional Enterprises (hereinafter "OCE"). While on the job, he saw an OCE supervisor,

COMPLAINT - 1
(Case No. 2:24-cv-1372)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

Carlos Villa, ("Mr. Villa") having close relationships with other inmate workers. Mr. Thompson reported this to ODOC command staff, and when Mr. Villa found out about his complaint, he told his supervisor, Lorie Hensel, that it was Mr. Thompson who had violated institutional rules. Ms. Hensel fired Mr. Thompson for a "program fail" based upon Mr. Villa's complaints. Later, in early September 2023, Ms. Hensel learned that Mr. Thompson's complaints were founded when another inmate witnessed Mr. Villa's sexual misconduct and Mr. Villa was fired. Despite reversing her finding that Mr. Thompson was a "program fail", she refused to restore Mr. Thompson to his job or his back wages.

## JURISDICTION

1. This court has jurisdiction over the subject matter of the first claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

2. Venue is proper within the District of Oregon because all the events giving rise to these claims occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).

## PARTIES

3. Robert Thompson is an adult inmate. At all relevant times he was housed at the Two Rivers Correctional Institution (hereinafter "TRCI") and in ODOC custody.

4. Carlos Villa was the Production Coordinator for OCE, a semi-independent state agency providing jobs to inmates in ODOC custody. He was Mr. Thompson's supervisor at TRCI and is sued in his individual capacity. At all relevant times, Mr. Villa acted under color of state law.

COMPLAINT - 2
(Case No. 2:24-cv-1372)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

5. Lorie Hensel was the General Manager at OCE at TRCI. At all relevant times she was Mr. Villa's supervisor at OCE. She is sued in her individual capacity. At all relevant times, Ms. Hensel acted under color of state law.

6. Oregon Correctional Enterprises ("OCE") is a semi-independent agency of the State of Oregon that provides the highest paying jobs to inmates at ODOC. OCE employed both defendant Villa and Hensel in supervisory roles.

7. Oregon Department of Corrections ("ODOC") is a state agency that incarcerates, houses, feeds, classifies, medically treats, and protects inmates who have been convicted of felony crimes and sentenced to more than a year of incarceration. ODOC is responsible for constitutionally adequate treatment of all its inmates. To that end, it is responsible for vetting the employees it hires and vetting any person who enters ODOC property to ensure that those people are safe and responsible, including OCE employees. ODOC is also responsible for implementing the Prison Rape Elimination Act ("PREA") and ensuring that its mandates and directives are followed. ODOC is sued in its capacity as an employer.

## FACTUAL ALLEGATIONS

8. In August of 2022, Mr. Thompson had worked for OCE in laundry for over nine years. As one of the senior inmate employees at OCE, he made a very good wage and loved his job. He was supervised by both Lorie Hensel and Carlos Villa.

9. Mr. Thompson was a good employee and received strong ratings for his diligence, efficiency, and timeliness in performance reviews.

10. Mr. Thompson had a smooth employment history with OCE until OCE hired Mr. Villa to be its Production Coordinator. Sometime after Mr. Villa's hire, Mr. Villa became Mr. Thompson's supervisor and things went downhill.

COMPLAINT - 3
(Case No. 2:24-cv-1372)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

11. In about June of 2022, Mr. Thompson became acquainted with Mr. Villa. Mr. Thompson immediately noticed that Mr. Villa strongly favored some inmates over others. To Mr. Thompson, his contact with these select inmates seemed overly friendly, inappropriate, and creepy.

12. Mr. Thompson noted Mr. Villa's strangely friendly conduct especially in relation to two inmates (SJVA and JLR). Mr. Villa would follow these inmates, and he would spend forty-five minutes at a time with them alone in his office during lunch. Mr. Thompson saw Mr. Villa showing SJVA and JLR his computer and his phone with Facebook on the screen. Mr. Villa moved JLR into his office to be close to him. Mr. Thompson decided to make a complaint – a complaint protected by the Prison Rape Elimination Act ("PREA").

13. Mr. Thompson first complained to Ms. Hensel that Mr. Villa was spending a lot of time with SVA and JLR. He told her that Mr. Villa had spent inappropriately long lunches alone with them in his office and had been showing them the internet on his computer and his phone. Ms. Hensel told Mr. Thompson she would "look into it."

14. Mr. Thompson also made a report to Officer De La Paz about Mr. Villa, similar to the one he made to Ms. Hensel. He told De La Paz about the lunches Mr. Villa was spending alone in his office with JLR and SVA and about Mr. Villa showing them the internet and letting the inmates use Mr. Villa's computer.

15. On or about August 1, 2022, Mr. Thompson made a more official report to Officer De La Paz. He told Officer De La Paz that he had to make a complaint of improper staff/inmate relationships and then detailed what he had seen between Mr. Villa, JLR, and SVA. Officer De La Paz was receptive and later Mr. Thompson learned that Officer De La Paz forwarded this concern to Sergeant Bruce, who then forwarded that concern to Captain Boston.

COMPLAINT - 4
(Case No. 2:24-cv-1372)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

16. On information and belief, after Mr. Thompson made his report, both Mr. Villa and Ms. Hensel learned about it and became outwardly hostile towards Mr. Thompson.

17. On August 8, 2022, Mr. Villa falsely accused Mr. Thompson of workplace violations in a "Department of Corrections Program Failure Report". Mr. Villa forwarded this report to Ms. Hensel who approved the program fail and fired Mr. Thompson the same day.

18. A few weeks after his firing, Mr. Thompson spoke to ODOC Sergeant Wiggins who told Mr. Thompson that when he made his report to De La Paz and De La Paz forwarded that report to Captain Boston, that Captain Boston didn't believe the report.

19. Unbeknownst to Mr. Thompson, on September 4, 2022, Trevor Webb, another inmate who worked at OCE, made his own report about Mr. Villa. Mr. Webb reported that Mr. Villa had coerced Mr. Webb into being a lookout while Mr. Villa sexually abused SVA on the job. That report led OCE to fire Mr. Villa on September 7, 2022.

20. It was after September 4, 2022, that Mr. Thompson learned that Mr. Villa was in fact having an inappropriate sexual relationship with an inmate worker and learned that his August complaints to OCE and ODOC command staff had been properly founded.

21. On December 16, 2022, after Mr. Thompson had filed grievances and requested his job back, Ms. Hensel retracted Mr. Thompson's program fail but did not restore him to his job or pay his back wages.

## CLAIM FOR RELIEF

**(Civil Rights 42 U.S.C. § 1983 – First Amendment Retaliation – Defendants Hensel and Villa)**

22. Plaintiff realleges paragraphs 1-21.

23. Defendants Hensel and Villa engaged in a course of retaliation prohibited by the First Amendment of the United States Constitution by terminating and then refusing to restore Mr.

COMPLAINT - 5
(Case No. 2:24-cv-1372)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Thompson to his position at OCE after he reported Mr. Villa's inappropriate relationships with other inmate workers, which were in fact founded.

24. As a result of Ms. Hensel's retaliation, Mr. Thompson lost his job, his wages, PRAS points, and feared retaliation by other inmates and corrections employees. He is entitled to compensatory damages, back wages, and punitive damages in the amount of $250,000, and for attorney fees costs pursuant to 42 U.S.C. § 1988.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of plaintiff against defendants for compensatory, and punitive damages for each Constitutional violation in an amount to be proven at trial.

b. For costs and reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983, 1988 and 12205 and under other applicable law.

c. For pre-judgment and post-judgment interest.

d. For such other and further relief as may appear just, equitable, and appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

**DATED** this 20th day of August, 2024.

By:  s/ Ethan Levi
**Ethan Levi**, OSB No. 994255
Attorney for Plaintiff

COMPLAINT - 6
(Case No. 2:24-cv-1372)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092